## GWIN *v.* BIEL ET AL.

RENTS AND PROFITS.—*Assignment of*—An assignment in writing as follows: "For value received, I hereby assign, transfer and set over to J. G. all my right, title, claim and interest in and to the rents and profits of the farm in Clark county," describing it, only operates to assign and transfer to such assignee the rents and profits to accrue after the date of its execution, and not to invest him with any title or claim to rents and profits which had already accrued.

From the Floyd Circuit Court.

*J. H. Stotsenburg*, for appellant.

*S. K. Wolfe*, for appellees.

NIBLACK, J.—This was an action by Josiah Gwin, against John H. Biel and Cassius E. Merrill.

The complaint alleged, that on the 13th day of Novem-

ber, 1872, and continuously until the 19th day of July, 1874, the said Merrill was the owner in fee-simple, unless deprived of such ownership by the facts hereinafter stated, of a tract of land in Clark county, particularly describing it, of the value of at least $3,000; that on and after said 13th day of November, 1872, the said Merrill executed and delivered to one Jonathan Peters and others two mortgages on said tract of land, to secure the payment of certain notes amounting to something more than the sum of $8,000, which mortgages were duly recorded in the recorder's office of said county of Clark, and thereby became a lien on said real estate; that afterward, on the 31st day of December, 1872, the defendant John H. Biel, who was the owner and holder of one of said mortgages, brought suit in the Clark Circuit Court to foreclose his mortgage, making the said Merrill, Jonathan Peters and all other persons holding mortgages on the mortgaged lands defendants in such suit, which suit, on the 13th day of January, 1873, resulted in a judgment of foreclosure of the said Biel's mortgage, and in an order of sale of the mortgaged lands, apportioning the proceeds amongst the lien-holders thereon, according to the priorities of their respective liens, all the contracts upon which such judgment and order of sale were founded having been entered into subsequent to the 4th day of June, 1861; that afterward, on the 1st day of June, 1873, an order for the sale of such mortgaged lands was issued to the sheriff of Clark county, who, after due notice and at a public sale, sold said lands to the said Biel on the 19th day of July, 1873, for the sum of $1,500.00, and who, upon the payment of the purchase-money by said Biel, issued to him a certificate of purchase as required by law; that afterward, on the 18th day of July, 1874, and within one year from the date of such sale, the said Peters, being a party to the foreclosure proceedings and a lien-holder on the mortgaged lands as above stated, redeemed said lands by paying to the clerk

of the Clark Circuit Court for the use of Biel, the purchaser thereof, the said sum of $1,650.00, being the amount of the purchase-money paid by the said Biel with ten per cent. interest per annum thereon ; that afterward, on the 10th day of November, 1874, and long after the redemption of said lands had expired, the said Peters, by an arrangement with said Biel, and without the knowledge or consent or subsequent ratification of Merrill, or of the plaintiff, demanded and received back from the said clerk of the Clark Circuit Court, the said sum of $1,650.00 so paid to him as above alleged, in redemption of said lands ; that no order of sale or other writ or mandate has been issued for the sale of the mortgaged lands since the said 18th day of July, 1874, nor has the said Merrill in any manner since that time parted with the title he had remaining in said lands ; that, when the said Biel received the certificate of purchase of the mortgaged lands, as herein above stated, he took possession of said lands, and received and appropriated the rents and profits thereof from the 18th day of July, 1872, until the 19th day of July, 1874, amounting to the sum of $500.00 ; that afterward, on the 17th day of December, 1875, and before the commencement of this suit, the said Merrill assigned, transferred and set over, by a paper in writing, a copy of which was filed with the complaint, all his right, title and interest in and to said rents and profits, so received and appropriated by the said Biel. A bill of particulars of the rents and profits sued for was also filed with the complaint. Wherefore the plaintiff demanded judgment against Biel for $600.00, and that Merrill be required to answer as to his alleged assignment of such rents and profits.

The assignment referred to in the complaint, and known as " Exhibit A," was as follows :

" GREENWOOD, Carroll County, Mississippi, {.br}
December 17th, 1875.

" For value received, I hereby assign, transfer and set

over to Josiah Gwin all my right, title, claim and interest in and to the rents and profits of the farm in Clark county, Indiana, which I bought of Jonathan Peters, and mortgaged on November 13th, 1872, to said Peters, Edwin S. Catley and Michael C. Kerr. Said farm contains about 189½ acres, and a correct description of it will be found in said mortgage, which was recorded November 23d, 1872. It is the same farm which I afterward, on November 14th, 1872, mortgaged to Washington C. DePauw, to secure about $5,500.00.

" CASSIUS E. MERRILL."

Biel demurred to the complaint, for want of sufficient facts, and his demurrer was sustained. The plaintiff electing to stand by his complaint, final judgment was rendered upon the demurrer, for the defendants.

In their argument upon the sufficiency of the complaint, counsel on both sides have devoted the greater portion of their time to the questions :

First. Had Peters the right to withdraw the redemption-money paid by him to the clerk of the Clark Circuit Court, as charged ?

Second. If not, then in what condition were the mortgaged lands left by the actual withdrawal of such money by him ?

The view we have taken of this case, however, in another respect, renders it unnecessary that we shall pass upon either one of those questions.

Granting that a right of action had accrued to Merrill, for some amount, on account of rents received and appropriated by Biel, we think the facts alleged did not show that such right had been assigned and transferred to Gwin.

As we construe " Exhibit A," which both parties treat as properly before us as a part of the complaint, it only operated to assign and transfer to Gwin the rents and profits of the mortgaged lands to accrue after the date of

its execution, and not to invest him with any title or claim to rents and profits which had already accrued. The language used in assigning and transferring such rents and profits was no more retrospective in its effect than would have been that of an ordinary deed of conveyance, conveying to Gwin an absolute title to the lands from which the rents and profits were to be derived.

With the construction thus given to "Exhibit A," the plaintiff did not show himself entitled to recover any of the rents and profits sued for, and hence there was no error in sustaining a demurrer to the complaint.

The judgment is affirmed, with costs.

NOTE.—HOWK, J., having been of counsel in this cause, was absent during its consideration.